**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LYMAN McCANN,

                                        Plaintiff,

                                                                3:25-CV-654
                v.                                              (DNH/DJS)

CHRISTOPHER JOHNSON, JOSEPH ESPOSITO, and
NEW YORK STATE POLICE,

                                        Defendants.

**APPEARANCES:**

Lyman McCann
Plaintiff Pro Se
872
Delaware County Correctional Facility
280 Phoebe Lane
Suite 6
Delhi, New York 13753

**DANIEL J. STEWART**
**United States Magistrate Judge**

                    <u>**REPORT-RECOMMENDATION and ORDER**</u>

        The Clerk has forwarded for review a civil complaint filed by Plaintiff.  Dkt. No.

1, Compl.  The filing fee in this action has not been paid, but Plaintiff has filed a motion

to proceed *in forma pauperis*.  Dkt. No. 2.  That Motion has been granted.  The matter

has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

- 1 -

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

The Complaint alleges that on September 1, 2024, Plaintiff encountered Defendants Johnson and Esposito, who are alleged to be New York State Troopers, in Margaretville, New York.  Compl. at p. 4.  Plaintiff alleges that Defendants advised him that he could not walk where he was walking, a direction with which he disagreed.  *Id.*  He alleges that the Defendants then physically assaulted him.  *Id.*  The Complaint asserts two causes of action for excessive force under 42 U.S.C. § 1983.  *Id.* at p. 5.  Plaintiff seeks disciplinary action against Defendants and monetary damages.  *Id.*

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff)

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief."  *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

- 3 -

## III. DISCUSSION

Though briefly stated, the allegations against Defendants Johnson and Esposito are sufficiently alleged to permit the claims to proceed.  Plaintiff's Complaint alleges that Defendants used excessive force against Plaintiff for no apparent reason – such action, if true, would clearly be actionable.  *Keyes v. City of Albany*, 594 F. Supp. 1147, 1154 (N.D.N.Y. 1984).  At this early stage of the proceedings, the Complaint warrants a response from Defendants.  The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether he can ultimately prevail.  Nor does this Order address the merits of the Complaint.  The Court, therefore, recommends that these claims be permitted to proceed.

The Complaint also names the New York State Police as a Defendant.  Compl. at p. 3.  No allegations of wrongdoing are made against the agency, which is alone a basis for dismissing a claim under section 1983.  Moreover, "[t]he Eleventh Amendment bars such a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity."  *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)).  "It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity."  *Id.* (internal citations omitted). Thus, "state agencies do not fall within the meaning of 'persons' for purposes of Section 1983." *Bryant v. New York State*

*Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001).  The State Police as an entity, therefore, is immune from this suit.  *Morris v. New York State Police*, 268 F. Supp. 3d 342, 360 (N.D.N.Y. 2017); *Estes-El v. Town of Indian Lake*, 954 F. Supp. 527, 537 (N.D.N.Y. 1997).  The Court, therefore, recommends that the claim against the State Police be dismissed.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE as to the New York State Police**, but that the claims against the individual Defendants be permitted to proceed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  June 6, 2025
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 6 -